### ALLEN v. HORSE AID SOCIETY.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

JUDGMENT (§ 160*)—DEFAULT—VACATION.

　　· Defendant's default should not be opened upon an affidavit by his attorney, which absolutely failed to set forth any fact upon which the court could presume that there was a valid defense.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 314–316; Dec. Dig. § 160.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by James A. Allen against the Horse Aid Society. From a judgment entered upon a dismissal of the complaint at the close of plaintiff's case, and from an order opening a default of defendant, plaintiff appeals. Judgment and order reversed, and the judgment entered on defendant's default reinstated.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Willard S. Allen, of New York City, for appellant.
Willoughby B. Dobbs, of New York City, for respondent.

LEHMAN, J. The plaintiff sues upon an account stated for the value of services alleged to have been rendered to the defendant. At the first trial his complaint was dismissed, and upon appeal to this court the judgment of dismissal was reversed upon the ground that plaintiff had made out a prima facie case. Upon the second trial the defendant did not appear, and judgment was entered on its default. Thereupon the defendant moved to open its default, and its motion was granted. Upon the third trial the plaintiff presented the same evidence as was presented upon the first trial, and, though he was cross-examined at length, his cross-examination merely strengthened his direct case. Nevertheless the trial justice again dismissed the complaint, and the plaintiff appeals from the judgment, and brings up for review the order opening the defendant's default.

The defendant's default was opened upon an affidavit made by its attorney, which fails absolutely to set forth any facts upon which the court could presume that it had any valid defense, and the motion to

open the default should certainly have been denied in the absence of such facts. The plaintiff has shown by successive trials that he has a good cause of action, and the defendant has had ample opportunity to present any defense it may have.

The judgment and order opening the default should be reversed, with costs, and the judgment entered on defendant's default reinstated. All concur.